IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES ZANDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-1159-CFC |
| | ) | |
| THE UNITED STATES DEPARTMENT OF THE TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 24th day of September, 2026, having considered Plaintiff's motion for a temporary restraining order and/or preliminary injunction (D.I. 2):

Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997)

("NutraSweet II") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. In his motion for a temporary restraining order or preliminary injunctive relief, Plaintiff asserts that his monthly Social Security benefit check has been reduced by approximately $281.00. (D.I. 2)

Plaintiff's motion will be denied. A party pursuing injunctive relief is confined to arguing the merits of his or her complaint. *See, e.g., Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (explaining plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"); *Martin v. Keitel*, 205 F. App'x 925, 928-29 (3d Cir. 2006) (injunctive relief motion was "legally deficient" because it targeted conduct that bore no relation to plaintiff's underlying claim); *Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005) ("[T]o obtain a permanent injunction, a party must show . . . that he has prevailed in establishing the violation of the right asserted in his complaint."); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)

(rejecting injunctive relief motion that raised new assertions that were entirely different from the claim raised in the complaint because "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

A civil action is commenced by filing a complaint with the Court. Fed. R. Civ. P. 3. Plaintiff has not done this. Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Because Plaintiff proceeds *in forma pauperis*, the Complaint will be subject to screening within the meaning of 28 U.S.C. § 1915(e).

Now therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a temporary restraining order and/or preliminary injunction (D.I. 2) is DENIED.

2. Plaintiff shall file a Complaint within twenty-one (21) days of the date of this Memorandum Order or his case will be subject to closure.

Colm F. Connolly

Chief United States District Judge