IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES ZANDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-1159-CFC-EGT |
| | ) | |
| UNITED STATES DEPARTMENT OF TREASURY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Charles Zandford ("Plaintiff") filed this action against the United States Department of the Treasury ("Defendant" or "the Treasury"). (D.I. 2 & 8). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court recommends that the Complaint be DISMISSED. The Court also recommends that Plaintiff's renewed motion for a preliminary injunction and restraining order (D.I. 9) be DENIED.

## I. BACKGROUND

Plaintiff, a former securities broker, has a documented history with the Securities and Exchange Commission ("SEC"). *See Securities and Exchange Commission v. Zandford*, 535 U.S. 813 (2002). Plaintiff was previously convicted of wire fraud in connection with his improper use of a couple's securities and proceeds. *See id.* at 815-16. The SEC then filed a related civil case, accusing Plaintiff of violating § 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 by defrauding the couple and misappropriating hundreds of thousands of their dollars. *Id.* at 816. Plaintiff was ordered to disgorge his ill-gotten gains. *Id.*; *see also* Order Reinstating 22 Final

Partial Judgment, *Securities and Exchange Commission v. Zandford*, No. 95-cv-2826 (D. Md. Feb. 25, 2004).

Relevant here, in 2005, the SEC certified what Plaintiff refers to as "the first defective claim to the Treasury Offset Program" related to his civil disgorgement case.[1] (D.I. 8 ¶¶ 10b & 11). Plaintiff claims that the SEC certification ignored a $10,800 mandatory court-ordered restitution credit and improperly charged unauthorized pre-judgment interest in the amount of $23,803. (*Id.* ¶ 10b).[2] Plaintiff challenged proof of the claim, and Defendant allegedly rejected the SEC claim and stopped collection at some unspecified point in time. (*Id.*). Then, in September 2010, Defendant informed Plaintiff that it had received a referral of $648,416.19 from the SEC and, if not paid within ten days, the amount would increase to $842,941.05. (*Id.* ¶ 10c). Plaintiff again objected and Defendant again rejected the SEC claim (at some point in 2010). (*Id.*; *see also id.* ¶ 10d (referring to the "2010 rejection")). Plaintiff alleges that he was not contacted by either agency again until September 2026, when his monthly Social Security Disability Insurance ("SSDI") benefits were reduced without warning. (*Id.* ¶ 10d). In 2026 and prior to the reduction, Plaintiff received monthly SSDI benefits in the amount of $1,905; as of September 3, 2026, Plaintiff only receives $1,619.25. (*Id.* ¶¶ 8 & 9). In Plaintiff's view, the amount that Defendant is attempting to collect in connection with his civil disgorgement case is grossly overinflated by improper interest rates and unwarranted Treasury collection fees. (*Id.* ¶¶ 14 & 15).

On September 15, 2026, Plaintiff filed this action against Defendant seeking preliminary injunctive relief – without an accompanying complaint. (D.I. 2). On October 13, 2026, and at the direction of Chief Judge Connolly (D.I. 5), Plaintiff filed the Complaint, claiming that Defendant

---

[1] The Treasury Offset Program allows the federal government to collect debts owed to it by intercepting certain federal payments (*e.g.*, social security payments, tax refunds, etc.).

[2] Plaintiff never indicates how much he owes under the judgment entered against him.

violated his due process rights under the Fifth Amendment, as well as the Debt Collection Improvement Act. (D.I. 8 ¶¶ 16-19). Plaintiff seeks monetary and injunctive relief. (*Id.* at 4).

## II. LEGAL STANDARDS

A federal court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (cleaned up); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Fifth Amendment

Plaintiff claims that Defendant's seizure of "protected disability benefits without actual notice, an opportunity to inspect records, or a pre-deprivation administrative hearing" violated the Fifth Amendment, and he seeks money damages and injunctive relief. (D.I. 8 ¶ 17). Defendant is a federal agency. It is well settled that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "A party suing the federal government bears the burden of establishing that the United States has unequivocally waived its immunity from suit." *United States v. Schiaffino*, 317 F. App'x 105, 106 (3d Cir. 2009). Plaintiff has failed to show any such waiver here. *See McNeil v. Soc. Sec. Admin.*, No. CV 21-2208, 2022 WL 3042650, at *5 (E.D. Pa. Aug. 2, 2022). Plaintiff's claim against Defendant under the Fifth Amendment is barred by sovereign immunity, and it should be dismissed with prejudice. *See Bramlett v. United States Dep't of Treasury*, No. CV 16-257, 2017 WL 1048366, at *7 (E.D. Pa. Mar. 20, 2017) ("[S]overeign immunity bars claims against federal agencies for ***damages*** caused by constitutional violations.") (citing *Meyer*, 510 U.S. at 486);

*McNeil v. Soc. Sec. Admin.*, No. CV 21-2208, 2022 WL 3042650, at *5 (E.D. Pa. Aug. 2, 2022) ("Plaintiff's claim for injunctive relief against the . . . Treasury is barred by sovereign immunity.").

**B. Debt Collection Improvement Act**

Plaintiff claims that Defendant violated the Debt Collection Improvement Act by collecting a debt that was certified using "mathematically inaccurate, legally non-enforceable parameters that explicitly violate 28 U.S.C. § 1961 and federal debt management rules." (D.I. 8 ¶¶ 18-19).

The Debt Collection Improvement Act authorizes the Treasury to withhold eligible federal payments to satisfy a legally enforceable debt owed to any federal agency through the Treasury Offset Program. 31 U.S.C. § 3716(a); *see also Reeves v. Astrue*, 526 F.3d 732, 738 n.3 (11th Cir. 2008). This includes withholding benefit payments made under the Social Security Act. 31 U.S.C. § 3716(c)(3)(A)(i)(I). If the creditor agency properly certifies to the Treasury that the debt is eligible for collection by offset, the Treasury Department must administratively offset the debt. *Tavares v. United States*, No. 3:CV-13-1654, 2014 WL 4351532, at *5 (M.D. Pa. Sept. 2, 2014); *see also* 31 U.S.C. § 3716(c)(1)(A). The Treasury has "no statutory authority over the debt, nor any role in determining whether or not the debt [is] valid or whether [an individual]'s benefit payment should be offset." *Duronio v. Parker*, No. CV 23-1446, 2024 WL 3898010, at *6 n.19 (D.N.J. Aug. 22, 2024) (quoting *Johnson v. U.S. Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir. 2008)) (cleaned up). Simply put, the Treasury is not the proper defendant under the Debt Collection Improvement Act. *See Johnson*, 300 F. App'x at 862-63 ("It is the creditor agency, not the disbursing agency, that is required to ensure that the debtor receives due process under the law." (citing 31 U.S.C. § 3716(a)); *see also Walker v. United States*, No. 13-205, 2014 WL

2505669, at *5 (M.D. Pa. June 3, 2014). Plaintiff's claims under the Debt Collection Improvement Act against Defendant should therefore be dismissed and with prejudice.[3]

**C. Leave to Amend**

The Complaint only asserts claims against Defendants that are barred by sovereign immunity or are otherwise legally improper. Those claims should be dismissed with prejudice. That being said, the Court is unable to conclude at this juncture that amendment would be futile and, as such, recommends that Plaintiff be given an opportunity to amend. Any amended pleading filed by Plaintiff must be a comprehensive pleading that stands by itself without reference to previously filed (and dismissed) pleadings and which sets forth the claims in short, concise statements with adequate factual support.

**D. Preliminary Injunction and Restraining Order**

Plaintiff filed a renewed motion for preliminary injunction and restraining order. (D.I. 9). A preliminary injunction cannot issue unless a plaintiff demonstrates a likelihood of success on the merits and that irreparable harm will occur in the absence of an injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The requested injunctive relief must be properly based on the operative pleading. *See Fatir v. Connections Cmty. Support Programs, Inc.*, C.A. No. 18-1549-CFC, 2020 WL 360895, at *1-2 (D. Del. Jan. 22, 2020). As set forth above, Plaintiff fails to state any plausible claim for relief in his Complaint and, as such, Plaintiff's motion seeks to enjoin conduct not found in any operative pleading. Plaintiff's motion should be denied.

---

[3] Plaintiff also fails to show that he sought review under the procedures provided in § 3716, thereby making judicial review appropriate. *See Spencer v. Gen. Servs. Admin.*, No. 2:15-cv-4813, 2015 WL 5565812, at *3 (D.N.J. Sept. 21, 2015); *see also Dromio*, 2024 WL 3898010, at *6.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that all claims against Defendant in the Complaint (D.I. 8) be DISMISSED WITH PREJUDICE and that Plaintiff's renewed motion for a preliminary injunction and restraining order (D.I. 9) be DENIED. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to five (5) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: November 17, 2026

UNITED STATES MAGISTRATE JUDGE